# EXHIBIT 7

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| PATRICIA HUGHES | : | |
| | : | |
| Plaintiff, | : | |
| V. | : | CASE NO. 3:19-cv-01611-JAM |
| | : | |
| HARTFORD LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY | : | |
| | : | June 4, 2020 |
| Defendant. | : | |

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S**
**SUPPLEMENTAL RESPONSES TO PLAINTIFF'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Hartford Life and Accident Insurance Company ("Hartford Life") supplements its responses to Plaintiff Patricia Hughes' ("Plaintiff") First Request for Production of Documents pursuant to the Court's May 22, 2020 Ruling ("Ruling") as follows:

### General Objections

Hartford Life incorporates all of its General and Specific Objections that were asserted in its prior response to these Requests, except to the extent any of those Objections were overruled by the Court in the Ruling.

### Supplemental Responses to Requests for Production

**Request for Production No. 2**

Please produce all documents or ESI which you contend demonstrate that your claims procedures, under the Plan, contain "administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants" within the meaning of 29 C.F.R. § 2560.503-1.

20813240-v1

**Supplemental Response to Request for Production No. 2**

The Ruling held: "The Court orders Hartford to comply with Requests for Production Nos. 2, 3, 9, 10 and 11, but only to the extent that those requests seek production of documents that are subject to disclosure under 29 C.F.R. §§ 2560.503-1(j)(3) and –(m)(8)."

29 C.F.R. § 2560.501-1(j)(3) allows a claimant to receive "copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section[.]"

Hartford Life supplements its response as follows:

29 C.F.R. § 2560.503-1(m)(8)(i): Documents that were relied upon in making the August 30, 2019 benefit determination  are contained in the Administrative Record. Hartford Life additionally produces its guideline entitled "Adverse Benefit Decisions – LTD Standard;" the Appeal Specialist relied upon a portion of this guideline ("Not Disabled Any Occupation") in making the August 30, 2019 determination.

29 C.F.R. § 2560.503-1(m)(8)(ii): Documents that were submitted, considered, or generated in the course of making the August 30, 2019 benefit determination are contained in the Administrative Record.

29 C.F.R. § 2560.503-1(m)(8)(iii): Any documents that demonstrate that, in making the August 30, 2019 benefit determination, Hartford Life complied with the administrative processes and safeguards required pursuant to 29 C.F.R. § 2560.503-1(b)(5), are contained in the Administrative Record. In particular, there is no document external to the Administrative Record that evaluated the extent to which Hartford Life complied with its administrative processes and safeguards in making the determination at issue. Hartford Life contends, however, that it did comply with those administrative processes and safeguards.

- 2 -

29 C.F.R. § 2560.503-1(m)(8)(iv): Hartford Life has not located any documents that constitute a statement of policy or guidance with respect to the Plan under which Plaintiff seeks benefits concerning the benefit for Plaintiff's diagnoses.

**Request for Production No. 3**

Please produce all documents or ESI that reference or describe your policies and procedures to ensure the professional qualifications, independence, and impartiality of medical consultants retained to review claims and/or examine claimants.

**Supplemental Response to Request for Production No. 3**

*See* Supplemental Response to Request for Production No. 2.

**Request for Production No. 7**

Please produce in native format with metadata intact all drafts, versions, edits, or amendments of the letter dated August 30, 2019, written by Ms. Hally B. Rupert upholding Hartford's decision to terminate Ms. Hughes' benefits on remand from the Court.

**Supplemental Response to Request for Production No. 7**

Hartford Life has forwarded to its attorneys the Word file for the subject letter, 108436316.doc, in native format with metadata intact, and Hartford Life's counsel is forwarding that Word file to Plaintiff's counsel. Hartford Life notes that it is unable to bates stamp the document, as bates stamping it would alter the metadata. Hartford Life designates the native file "Confidential" pursuant to the Standing Protective Order.

The metadata shows that it was "Created" on August 30, 2019 at 6:32 am; that it was "Last Modified" on August 30, 2019 at 1:22 pm; and that it was Last Modified by Hally Rupert. Hartford Life notes that the metadata lists "Jen Horn" as Author; that identification reflects the fact that Ms. Horn created the template ("t_ole_addin2.dot") from which the letter was created. Hartford Life states that Ms. Horn created the template approximately 17 years ago (well before Plaintiff submitted a

- 3 -

claim), and Ms. Horn had no role in the drafting of the August 30, 2019 letter. Hartford Life additionally responds that it has no record of any drafts, versions, edits or amendments of, or to, the August 30, 2019 letter.

**Request for Production No. 9**

Please produce all documents or ESI that reflect claims manuals, guidelines or policies used or consulted in the adjudication of Ms. Hughes' claim or appeals which demonstrate or reflect internal procedures for selecting claims for Independent Medical Examinations (IMEs) versus non-examining file reviews.

**Supplemental Response to Request for Production No. 9**

*See* Supplemental Response to Request for Production No. 2.

**Request for Production No. 10**

Please produce all claims manuals used or consulted in the adjudication of Ms. Hughes' claims or appeals. Please identify any responsive documents or ESI produced in response to other requests.

**Supplemental Response to Request for Production No. 10**

*See* Supplemental Response to Request for Production No. 2.

**Request for Production No. 11**

Please produce all documents or ESI reflecting any internal rules, guidelines or procedures which describe or discuss the employability or disability status of a claimant who suffers from intermittent absences from work due to their symptoms.

**Supplemental Response to Request for Production No. 11**

*See* Supplemental Response to Request for Production No. 2.

- 4 -

**Request for Production No. 12**

Please produce all documents or ESI summarizing the outcomes of claims, including findings, benefit payments, and changes to the payment status or duration of payments, where medical reviews were arranged through ECN during the time period of January 1, 2015 to December 31, 2019.

**Supplemental Response to Request for Production No. 12**

The Ruling held: "The Court orders Hartford to comply with Request for Production No. 12 but only to the extent that it seeks production of (a) drafts of Dr. Slattery's peer evaluation and (b) correspondence between ECN or Hartford on the one hand, and Dr. Slattery on the other hand, concerning the content of the evaluation."

Hartford Life responds that it has no responsive documents.

DEFENDANT,
HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY

By:  /s/ *Gregory J. Bennici*
    Patrick W. Begos (ct19090)
    Gregory J. Bennici (ct29698)
    ROBINSON & COLE LLP
    1055 Washington Boulevard
    Stamford, Connecticut 06901
    Tel. No.:  (203) 462-7500
    Fax No.:  (203) 462-7599
    Email:  pbegos@rc.com
    Email:  gbennici@rc.com

Pltf Mtn Summ Judgmt, Exh #7, p.5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 4, 2020, a copy of the foregoing Supplemental Responses to

Plaintiff's First Requests for Production of Documents was served by email on:

Jeffrey Warncke, Esq.
Evans Warncke Robinson, LLC
191 Peachtree Street, NE, Suite 3980
Atlanta, GA 30303
Email: jswarncke@esww-law.com

Scott M. Riemer, Esq.
Riemer Hess LLC
275 Madison Avenue, 26th Floor
New York, NY 10016
Email: sriemer@riemerlawfirm.com

_/s/ *Gregory J. Bennici*_____
Gregory J. Bennici

Pltf Mtn Summ Judgmt, Exh #7, p.6